## BANK OF MIAMI BEACH v. BATEMAN, et al.
### No. 65-C-7561.

Circuit Court, Dade County.
June 8, 1966.

12

Julian Benjamin, Miami, for plaintiff.

Stuart M. Simons, Miami, for defendants.

JAMES LAWRENCE KING, Circuit Judge.

The Bank of Miami Beach, a Florida banking corporation, filed its complaint July 9, 1965, alleging execution of a promissory note in the principal sum of $30,000 on the 20th day of August 1964 by Szemco, Inc. evidencing a loan in that amount from the bank. The complaint further alleges that the defendants, Frank B. Bateman and William Bateman, executed a contract of guaranty to the bank personally guaranteeing payment of the Szemco liability to the extent of $7,500 *each,* in addition to certain other securities in the amount of $8,400 posted by the defendant, Frank B. Bateman, as security for the $30,000 loan.

In its prayers for relief the bank sought judgment for $14,942.20 — the unpaid balance on the principal obligation — together with interest from February 1, 1965 on $14,942.20, and interest on the balance of the obligation (in the approximate amount of $85 from September 21, 1965) together with attorney fees and costs. The suit was instituted in equity on the basis that the bank was entitled to an order conveying the interest of Frank B. Bateman in the securities and time certificates of deposit — in addition to a personal judgment against the individual defendants.

The answer alleges that the guaranty was executed by the defendants upon the plaintiff's assurance to them that monies borrowed by Szemco, Inc. would be secured by signed accounts

receivable and that the plaintiff breached this provision in the agreement. As a further affirmative defense, the answer alleges that the plaintiff further breached its contract by failing to notify the debtors of Szemco, Inc., the primary obligor; that no demand had been made upon Szemco, Inc. for the payment of the note attached to the complaint; that the plaintiff negligently loaned sums to the principal debtor without first obtaining proper assignments of accounts receivable; that the plaintiff failed to notify the guarantors of the non-availability of funds from the accounts receivable; that the transaction was tainted with usury; and that the plaintiff failed and refused to mitigate damages as claimed by it.

From a careful consideration of the testimony of the respective witnesses, the pleadings and documentary exhibits introduced in evidence at the final hearing, and oral argument of counsel for the parties, the court finds —

That Szemco, Inc. on August 20, 1964, arranged with the plaintiff bank a line of credit not to exceed $30,000, in exchange for which it executed its promissory note for that amount (plaintiff's exhibit #1).

That the defendants, Frank B. Bateman and William Bateman, on the 20th day of August 1964, executed their contract of guaranty of the liabilities of Szemco, Inc. to the extent of — "$7,500 on borrowings to be secured by assigned accounts receivable only" (plaintiff's exhibit #2).

That it was the intention of the parties that the signatories to the agreement were to be liable to the extent of $7,500 *each.*

That in addition to guaranteeing the liabilities of Szemco, Inc. to the extent of $7,500, the defendant Frank B. Bateman pledged with the bank on August 24, 1964, certain collateral securities of an approximate value of $8,400 (plaintiff's exhibit #4) which were, on certain subsequent dates in 1964 and early 1965 sold and converted into time certificates of deposit at the plaintiff Bank of Miami Beach (plaintiff's exhibit #5).

That the parties, by mutual agreement, established a procedure for the processing of this loan as follows — (a) Szemco, Inc. delivered invoices of accounts receivable to the bank, (b) the bank loaned money to Szemco, Inc. by crediting its account in such sums as were needed by Szemo, Inc. to operate its business, (c) as the bank received funds from Szemco, Inc. (which had been received by Szemco, Inc. from its debtors on the accounts receivable) the funds were credited to Szemco's account and the loan reduced accordingly.

That the principal sum due under the above arrangement of a series of loans, payments, credits, etc. as of February 1, 1965, was $14,942.20.

That all payments on the accounts receivable were remitted directly to Szemco, Inc. from its debtors and none of the funds were sent directly to the bank to be credited on the loans of Szemco, Inc. incurred at the bank under the obligation here sued upon. Szemco, Inc. had, at all times, control of funds from their debtors to the bank. The court finds that the plaintiff notified the debtors listed on the accounts receivable of the arrangement between the plaintiff and Szemco, Inc., but that the debtors ignored this notification and continued to make all payments directly to the corporation.

It is the defendants' contention, by oral argument of counsel, that their total joint liability is limited to $7,500 on their contract account. This contention must fall, and the court so finds, in consideration of the testimony of the defendant Frank B. Bateman that it was his understanding and interpretation of the agreement with the bank that each of four individuals (including his brother William Bateman) were liable to the extend of $7,500 *each* or a total of $30,000. Counsel of the defendants further contended that the guarantors should be relieved of all liability on their agreement (plaintiff's exhibit #2) since the "borrowings" were to be secured by assigned accounts receivable only and that the bank failed or neglected to secure assigned accounts receivable from Szemco, Inc. prior to making loans to that corporation. This contention is not sustained by the proof aduced at the final hearing. The court finds from the testimony and evidence before it that the bank did secure an assignment of accounts receivable from Szemco, Inc. prior to making advances on the open account of that corporation at the bank to Szemco, Inc.

The bank contends that the contract guaranty executed by the defendants was intended to render them responsible and liable to the extent of $7,500 each as personal unsecured liability and further, that the defendant Frank B. Bateman is liable in an additional amount to the extent of $8,400 in pledged collateral security. The bank takes the position that it should be able to look to three sources for reimbursement of the sums advanced by it to Szemco, Inc., namely — $7,500 (unsecured) from Frank B. Bateman; $7,500 (unsecured) from William Bateman; and $8,400 of pledged collateral security by Frank B. Bateman. Counsel for the bank bases his argument on the words appearing on the face of plaintiff's exhibit #2 stating, "Signature of this

guaranty involves personal liability" as well as the following language from the paragraph four of the guaranty agreement —

"this guaranty shall be in addition to and without prejudice to any other securities, negotiable or otherwise, which the Bank may now or hereafter possess in respect of the liabilities hereby secured or intended so to be, and the Bank shall be under no obligation to marshall in favor of the undersigned any such securities or any of the funds or assets which the Bank may be entitled to receive or have a claim upon."

The court finds this argument to be without merit. The contract of guaranty is clear with respect to a limitation of liability of the signatories thereto. After the words "define limitation of liability, if any", there appears — "$7,500 on borrowings *to be secured by assigned accounts receivable only*". The court is of the opinion, and so finds, that the bank agreed with the defendants to limit their liability to $7,500 each.

From the foregoing, it is ordered, adjudged and decreed — (1) The court has jurisdiction of the subject matter and the parties to this cause. (2) That judgment on behalf of the plaintiff Bank of Miami Beach be and it is hereby entered against the defendants Frank B. Bateman and William Bateman jointly and severally in the amount of $14,942.20 together with interest thereon at the legal rate of interest from February 1, 1965, plus costs and attorney fees to be subsequently determined by this court, not exceeding the sum of $15,000.